UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GRACE BOADI,

    Plaintiff,

v.

CENTER FOR HUMAN DEVELOPMENT, INCORPORATED, JEFFERY TRANT, and CANDY PENNINGTON

    Defendants.

CIVIL ACTION NO. 3:14-cv-30162-MGM

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S CLAIM OF DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT AGAINST JEFFREY TRANT AND CANDY PENNINGTON

### I. INTRODUCTION

Defendants, Jeffrey Trant ("Trant") and Candy Pennington ("Pennington") (collectively "Defendants"), hereby submit this Memorandum of Law in Support of Defendants' Partial Motion to Dismiss Plaintiff, Grace Boadi's ("Plaintiff" or "Boadi") claim of disability discrimination under the Americans with Disabilities Act (hereinafter "ADA") against Trant and Pennington. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant respectfully moves this Court to dismiss these claims as Boadi has failed to state claims upon which relief may be granted and, thus, they must be dismissed. Plaintiff claims that Trant and Pennington are liable for disability discrimination in violation of the ADA. (*See* Plaintiff's Complaint ("Compl."), ¶¶ 43-49.) However, individual employees cannot be held liable under the ADA. Therefore, this Court should dismiss the Plaintiff's ADA claim against Defendants.

## II. BACKGROUND

This is an employment litigation case arising out of Boadi's employment with and separation from Defendant Center for Human Development, Inc. ("CHD"). Specifically, Boadi alleges that she received a letter from CHD that her employment ended due to job abandonment after Boadi failed to report to work for several consecutive days.[1] (Compl. ¶¶ 30, 31)

Thereafter, Boadi filed a three-count complaint against CHD, Pennington, and Trant alleging: (1) violation of Family Medical Leave Act; (2) violation of ADA; and (3) violation of M.G.L. ch. 151B. Defendants Trant and Pennington were employed at CHD in supervisory positions over Boadi. (Compl. ¶ 13, 26)

## III. ARGUMENT

The ADA claims brought against Trant and Pennington are subject to immediate dismissal. Indeed, the United States Court of Appeals for the First Circuit has held there is absolutely no individual liability for supervisors under the ADA. Roman-Oliveras v. Puerto Rico Elec. Power Auth., 655 F. 3d 43, 50-52 (1st Cir. 2011). The holding is a logical extension of the Court's decision in Fantini v. Salem State College, 557 F.3d 22 (1st Cir. 2009), where it previously held that Title VII of the Civil Rights Act does not hold individual employees liable. Roman-Oliveras, 655 F. 3d at 51

The Court stated that the ADA and Title VII are "are identical in many respects," including in their definitions of employer, thus requiring the extension of its holding in Fatini to the ADA. Id. (quoting Walsh v. Nev. Dep't of Human Res., 471 F.3d 1033, 1038 (9th Cir. 2006)). Moreover, the policy reasons supporting a prohibition of

---

[1] For the purposes of the instant Motion only, Defendants do not dispute the "facts" alleged in Plaintiff's Complaint. Defendants expressly reserve their right to deny these facts at a later time, if necessary.

individual liability under Title VII apply equally to the ADA. Both statutes contain an exemption for employers who employ fewer than fifteen persons, the intention of which is not "to burden small entities with the costs associated with litigating discrimination claims." Id. (quoting Fantini, 557 F.3d at 29). The Court stated that "if Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees." Id. The Court concluded that "the statutory reference to 'any agent' in the definition of 'employer' does not connote individual liability, but 'simply... establish[es] a limit on an employer's liability for its employees' actions.'" Id. (quoting Fantini, 557 F.3d at 30).

Here, Trant and Pennington were employed at CHD in supervisory positions over Boadi. (Compl. ¶ 13, 26) Because individual employees cannot be held liable under the ADA, Boadi's claims against Trant and Pennington under the ADA must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claim against Defendants Trant and Pennington alleging disability discrimination in violation of the ADA must be dismissed.

Respectfully Submitted,

/s/ Karina L. Schrengohst, Esq.
Karina L. Schrengohst, Esq.
BBO #681614
Counsel for the Defendants
Royal LLP
270 Pleasant Street
Northampton, Massachusetts 01060
Tel. (413) 586-2288/Fax (413) 586-2281
Dated: November 21, 2014         E-mail: kschrengohst@royallp.com

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Memorandum of Law in Support of Defendants' Partial Motion to Dismiss Plaintiff's Claim of Disability Discrimination Under the Americans With Disabilities Act Against Jeffrey Trant and Candy Pennington* was served upon the attorney of record for each other party via the Court's CM/ECF Electronic Case Filing System, on November 21, 2014.

/s/ Karina L. Schrengohst, Esq.
Karina L. Schrengohst, Esq.